TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264

JAMES R. SWEETIN
Assistant United States Attorney
Nevada Bar No. 5144
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
James.Sweetin@usdoj.gov

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Gilberto Quiroz,<br><br>                    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                    Defendant. | Case No. 2:24-cv-00706-RFB-MDC<br><br>**Stipulation and Order to Extend Discovery Deadlines**<br><br>**(Fifth Request)** |

Pursuant to LR IA 6-1 and LR 26-3, Plaintiff Gilberto Quiroz and Federal Defendant United States of America hereby stipulate that the stay of deadlines pursuant to the Court's General Order No. 2025-07 in the above-referenced matter is lifted and that the discovery deadlines shall be extended as set forth below. There is a good cause for such extension as the parties desire to mediate this matter and the recent re-assignment of this matter to AUSA James R. Sweetin. This stipulated request is filed at least 21 days in advance of the nearest deadline to be extended (close of discovery).

## DISCOVERY COMPLETED

The parties have completed the following disclosures and discovery:

The parties served their respective initial disclosures.

Plaintiff executed HIPPA authorizations for his medical records on February 27, 2025. Defendant sent out corresponding subpoenas to medical providers.

Defendant sent discovery requests on March 10, 2025, which Plaintiff answered in full on April 23, 2025.

The parties served their respective initial expert disclosures.

Plaintiff sent discovery requests on August 4, 2025, which Defendant answered in part on September 29, 2025.

The parties served their respective rebuttal expert disclosures.

Defendant deposed Plaintiff on August 18, 2025.

Defendant deposed Dr. Thomas Dunn on September 4, 2025.

Defendant deposed Dr. Kenny Hanna on September 25, 2025.

### DISCOVERY REMAINING

Plaintiff intends to depose Defendant driver. Further depositions of treating providers, experts, and Plaintiff may be needed. Defendant will complete the remaining discovery responses to Plaintiff's requests for production. The parties will continue to supplement their respective disclosure statements as needed.

### WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

Undersigned AUSA was recently assigned to this matter and has also had to prioritize answering and responding to habeas immigration cases, which have been regularly served upon the United States Attorney's Office in high volume since August. Finally, the parties are mutually amenable to exploring mediation, which they hope could moot some or all of the remaining discovery deadlines. For these reasons and in good cause, the parties request a 90-day extension of all remaining discovery deadlines.

/ / /

**GOOD CAUSE EXISTS TO EXTEND THE DISCOVERY DEADLINES BY AN ADDITIONAL ONE HUNDRED AND TWENTY (90) DAYS**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted).

Based on LR IA 6-1 and LR 26-3, the parties stipulate and agree that the discovery deadlines set forth in the current scheduling order (ECF No. 30) shall be extended by 90 days.

| SCHEDULED EVENT | ORIGINAL DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Discovery Cutoff | May 18, 2026 | August 16, 2026[1] |
| Dispositive Motions | June 17, 2026 | September 15, 2026 |
| Proposed Joint Pretrial Order | July 20, 2026[2] | October 18, 2026[1] |

/ / /

/ / /

/ / /

/ / /

---

[1] Rule 6 of the Federal Rules of Civil Procedure, provide that in the event a deadline occurs on a Saturday, Sunday or legal holiday recognized by the Federal Rules of Civil Procedure (or the Court's Local Rules), then the time for complying with the deadline shall be extended to the next business day.

[2] If dispositive motions were filed, the deadline for the Proposed Joint Pretrial Order would be deferred until 30 days after the Court rules on the dispositive motions.

This is the fifth request for an extension of the discovery schedule. This request for an extension of time is not sought for any improper purpose including delay.

Respectfully submitted this 12th day of March 2026.

LADAH LAW FIRM

/s/ Cassandra S.M. Cummings
CASSANDRA S.M. CUMMINGS, ESQ.
Nevada Bar No. 11944
517 South Third Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

SIGAL CHATTAH
First Assistant United States Attorney

/s/ James R. Sweetin
JAMES R. SWEETIN
Assistant United States Attorney

*Attorneys for the United States of America*

**IT IS SO ORDERED:**

_____
**Hon. Maximiliano D. Couvillier, III**
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** March 13, 2026

4